IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WILLIAM TAYLOR          *

    Plaintiff,              *

    v.                      *       2:10-CV-6-ID
                                            (WO)
WILLIAM E. FRANKLIN, *et al.*, *

    Defendants.             *

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, John Taylor, an inmate incarcerated at the Elmore County Jail, filed this 42 U.S.C. § 1983 action on January 4, 2010. He complains that he is being denied access to "media" in violation of his First Amendment rights, he is being denied access to the courts, and Defendants are illegally taxing stamps. Sheriff Bill Franklin, Warden Fox, and Jail Administrator Sue Roberts are the named defendants. Plaintiff seeks damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The First Amendment Claim*

Plaintiff complains that his First Amendment right to freedom of the press has been violated by an absence of access in the county jail to various forms of media including, television, radio, newspaper, and magazines. Plaintiff's allegation that his First Amendment rights are being violated because he is denied access to radio and television shall be dismissed.

To state a viable claim for relief under § 1983, a plaintiff must assert that a person deprived him or cause him to be deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff lacks any federally guaranteed right in general to watch television or listen to the radio. *See Scheanette v. Dretke,* 2006 WL 2474486, at * 1 (5th Cir. Aug. 28, 2006); *Elliott v. Brooks,* 1999 WL 525909, at * 1 (10th Cir. July 20, 1999); *see also Griffin v. Smith,* 493 F.Supp. 129 (W.D.N.Y.1980) ("It cannot be said that all of the conditions listed by plaintiffs, even if discomforting or undesirable, amount to deprivations of constitutional dimensions. There is no dispute that prison life is rigid and often harsh. However, a federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless the conditions cannot be tolerated under the Constitution.").

Plaintiff also alleges that his First Amendment rights are being violated because he is being denied access to newspapers and magazines. With regard to analyzing whether *sua sponte* dismissal of this First Amendment claim is warranted, the court finds that given the absence of a record showing the legitimate penological interests served by the alleged denial, such *sua sponte* dismissal is not warranted.
*See Beard v. Banks*, 548 U.S. 521 (2006).

B. *The Illegal Taxation Claim*

Plaintiff complains that he is unable to purchase a stamp or have stamps mailed in but must buy a pre-stamped envelope which costs $1.00. According to Plaintiff, a stamp costs $.44 and an envelope does not cost $.56 and, therefore, the jail is illegally taxing federally regulated postage.

Inmates have no constitutionally protected interest in purchasing goods available through the jail let alone a constitutionally protected interest in not paying the tax or other production costs/fees associated with their desire to make such purchases. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) ( "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). *Cf. Jensen v. Kleckler*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that there was no basis for a due process claim where deduction from prisoner accounts for postage were "assessment[s] for value received" and plaintiffs did not contend that they did not receive the services for which

3

they were charged). Accordingly, the court concludes that neither the sale of postage-paid envelopes nor the taxing or mark-up of other goods and services offered for sale or consumption at the county jail, without more, states a violation of an inmate's federally protected constitutional rights. *See Neitzke v. Williams*, 490 U.S. 319, 234 (1989). Indeed, the claim is patently absurd.[2]

*C. The Access to Courts Claims*

Plaintiff complains that he is being denied access to the courts because the jail does not have a law library or adequate legal assistance. The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id*. at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id*. at 353. The *Lewis* Court *disclaimed* any expansions of the right of access to the court which suggested "that the State must enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court. . ." To demand the conferral of such sophisticated

---

[2]Certainly, the court is unaware of any basis under which an inmate should be afforded greater protection under the Constitution from taxation and/or cost mark-ups associated with the voluntary consumption of goods and services than is afforded an ordinary free-world citizen.

4

legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354. (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Lewis*, 518 U.S. at 349. Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id*. Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably

5

adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

Plaintiff presents nothing to this court which demonstrates that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivations about which he complains as such are contemplated in *Lewis*. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims that he has been denied access to television and radio and that Defendants are improperly taxing postage-paid envelopes be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's claim that he is being denied access to the courts be DISMISSED prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This case with respect to Plaintiff's claim that his First Amendment rights are being violated by a denial of access to newspapers and magazines be referred back to the

undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **January 28, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 14th day of January 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE